Williams v. Correctional Officers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
PETER W. HALL,
*Circuit Judges.*

_____

Randy Williams,

*Plaintiff-Appellant*,

v.                                                                    15-692

John/Jane Does, Correctional Officers
Responsible for Delivery of Ramadan
Trays, Upstate Correctional Facility, Gerard
Jones, Upstate Correctional Facility,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:     Randy Williams, *pro se*, Malone, NY

FOR DEFENDANTS-APPELLEES:  Zainab Chaudhry, Assistant Solicitor General,
New York State Office of the Attorney General,
Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*; Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Appellant Randy Williams, a prisoner proceeding *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim. The district court also dismissed Williams's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Williams does not challenge this latter dismissal on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Free Exercise Clause of the First Amendment, which protects the free exercise of religion, extends to prisoners and includes their right to meals that comport with religious requirements. *Ford v. McGinnis*, 352 F.3d 582, 588, 597 (2d Cir. 2003); *see also McEachin v. McGuinnis*, 357 F.3d 197, 203-04 (2d Cir. 2004). We have not yet decided whether a prisoner asserting a free-exercise claim must, as a threshold requirement, show that the disputed conduct

substantially burdened his sincerely held religious beliefs. *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014). It is not necessary to resolve this issue here, however, because Williams does not argue that the substantial burden threshold requirement is inapplicable and instead argues that he met the requirement. *See Ford*, 352 F.3d at 592 (declining to address whether a prisoner must meet the substantial burden threshold requirement in a free exercise case because he did not raise the issue on appeal).

Assuming that the substantial burden requirement applies, this Court's precedent leads us to conclude that Williams plausibly alleged that his religious exercise was unconstitutionally burdened. *See Holland*, 758 F.3d at 221 (declining to address the continued viability of the substantial burden requirement where this Court's precedent reveals that inmate's religious exercise was unconstitutionally burdened); *McEachin*, 357 F.3d at 203 (noting that "courts have generally found that to deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights," and determining that prisoner, a practicing Muslim, stated a free exercise claim by alleging that the restrictive diet of "loaf" was not properly blessed as required by Islam); *Ford*, 352 F.3d at 593-94 (holding that defendants were not entitled to judgment as a matter of law on question whether prisoner's religious exercise was unconstitutionally burdened when he was denied an Eid ul Fitr feast, which he characterized as religiously significant to his practice of Islam). To satisfy the substantial burden requirement, a prisoner claiming a violation of his free exercise rights must show "that the disputed conduct substantially burden[ed] his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006); *see also Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) ("[A] substantial burden exists where the state puts substantial pressure on an adherent to modify his behavior and to

3

violate his beliefs." (quotation and alterations omitted)). We have reasoned that when determining whether a prisoner's religious beliefs have been substantially burdened, the relevant question is whether the infringed-upon religious activity is considered central or important to the prisoner's practice of his religion. *McEachin*, 357 F.3d at 203; *Ford*, 352 F.3d at 593-94. Here, Williams's complaint alleged that the premature sunset meals forced him to either forego his meal or break his fast; he characterized fasting for Ramadan as important to his practice of Islam and stated that eating before sunset was a "grave spiritual sin" that canceled the "validity" of fasting. Consequently, Williams successfully alleged a plausible free exercise claim. *See Ford*, 352 F.3d at 593-94. The district court relied on non-binding case law when it determined that Williams's burden was *de minimis* because only a few of his meals were delivered prematurely; its reasoning is inconsistent with this Court's case law, which cautions against "the danger that courts will make conclusory judgments about the unimportance of the religious practice to the adherent . . . ." *Id.* at 593.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** as to its dismissal of Williams's RLUIPA claim, **VACATED** as to its dismissal of Williams's § 1983 claim, and **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4